UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> v. § <br> § <br> SHEBA MUHARIB § <br> § <br> § | Criminal No. 4:24-cr-371-53 |

### THE UNITED STATES' RESPONSE TO DEFENDANT SHEBA MUHARIB'S MOTION TO DISMISS COUNT 48

The United States of America, by the United States Attorney for the Southern District of Texas, Nicholas J. Ganjei, through Assistant United States Attorney Michael E. Day, files this Response to the Defendant Sheba Muharib's Motion to Dismiss Count 48, and shows the Court as follows:

### Procedural Summary

On July 16, 2024, the above-captioned Defendant Sheba Muharib was indicted by a grand jury and was charged in Count 48 with one count of Crimes By or Affecting Persons Engaged in the Business of Insurance, under 18 U.S.C. §§ 1033(e)(1)(B) and 2. On February 5, 2025, the Defendant filed a motion to dismiss Count 48.

### Argument

The Government moves the Court to deny the Defendant's motion to dismiss Count 48 of the Indictment for failure to state an offense and would show the Court as follows:

Count 48 charges Sheba Muharib ("Defendant") with Crimes By or Affecting Persons Engaged in the Business of Insurance under Title 18, United States Code, Sections 1033(e)(1)(B) and (2).

As an initial matter, Defendant challenges the Indictment as legally insufficient, claiming it does not allege how Defendant's conduct was "willful." Defendant contends that to meet this requirement the Indictment must include an allegation of Defendant's knowledge of the wrongfulness of the conduct of hiring co-defendant Oscar Wattell. Defendant's argument simply ignores the language of the Indictment. Specifically, in ¶ 48, the Indictment expressly states that Defendant "*knowing* that Co-Defendant Oscar Wattell [] had been convicted of any criminal felony involving dishonesty engaged in the business of insurance . . . and *willfully* permitted such activity." (emphasis added). Therefore, because the Indictment is not legally insufficient, Defendant's motion should be denied.

Defendant next attempts to dismiss Count 48 by alleging that the manner in which Count 48 is pled is unclear, because it does not track the statute. This is not accurate. As shown below, Count 48 tracks the statute exactly. Further, because "a motion to dismiss an indictment for failure to state an offense is a challenge to the sufficiency of the indictment," a court is required to "take all the allegations of the indictment as true and to determine whether an offense has been stated." *United States v. Masha*, 990 F.3d 436, 443 (5th Cir. 2021) (citing *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)). "An indictment that tracks a statute's words is generally sufficient as long as those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Id.* (internal quotations and citations omitted).

The chart below provides the elements of a § 1033(e) offense and then shows the specific allegation including paragraph cite that supports each element. As shown, the Indictment is

sufficient to state a claim, and thus it would be improper to grant Defendant's motion to dismiss.

| 18 U.S.C. § 1033(e) OFFENSE | INDICTMENT'S ALLEGATION | LOCATION (¶) |
|---|---|---|
| Any individual who is engaged in the business of insurance; | Defendant Sheba Muharib is engaged in the business of insurance; | ¶ 4, 5 (incorporated into Count 48 at ¶47) |
| Whose activities affect interstate commerce; | Defendant is the CEO of AABLE Bonds and an agent of FCS, whose activities affect interstate commerce; | ¶ 5, 6 (incorporated into Count 48 at ¶ 47) |
| And who willfully permits the *participation described in subparagraph* (A); *See below for subparagraph (A).* | Defendant "knowing that co-Defendant Oscar Wattell (2) had been convicted of any felony involving dishonesty, engaged in the business of insurance, whose activities affect interstate commerce, and willfully permitted such activity" | ¶48 |
| *"participation described in subparagraph (A)"* [allowing "an individual convicted of any criminal felony and who willfully engages in the business of insurance whose activities affect interstate commerce or participates in such business"] | Oscar Wattell (felon) was employed by AABLE Bonds and conspired to commit wire fraud and did commit wire fraud when he electronically transmitted falsified documents in his capacity as an AABLE employee | ¶ 48; ¶ 46; ¶ 5-11 (incorporated into Count 48 at ¶ 47) |

In a duplicative manner, Defendant attempts to claim the Indictment is defective, because it fails to state an offense when allegedly the Indictment did not "state each element of the charged crime and allege that the defendant's conduct met each of those elements." FED. R. CIV. P. 12(b)(3); *United States v. Suarez*, 966 F.3d 376, 382 (5th Cir. 2020). As shown above, the Indictment includes each element of a § 1033(e) offense and specifically alleges how Defendant's conduct satisfies each element.

Moreover, under *United States v. Suarez*, the very case relied on by the defense, it is noted that the Federal Rules require only that the indictment be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." *Suarez*, 966 F.3d at 382. Thus, the government is not required at this early stage to plead every fact at its disposal – only what is

3

essential to establish the required elements. *Suarez* expands, stating the "minimal constitutional standards are met" and an indictment is sufficient where it "1) enumerates each prima facie element of the charged offense, 2) notifies the defendant of the charges filed against him, and 3) provides the defendant with a double jeopardy defense against future prosecutions." *Id.* (citing United States v. Nevers, 7 F.3d 59, 62 (5th Cir. 1983)). Fatally, the Defendant has failed to show – and indeed cannot – how the Indictment fell short of this minimal standard. The motion to dismiss is bare of any statement relating to such. Thus, the Defendant fails to supply adequate grounds to maintain her motion to dismiss.

## Conclusion

For these reasons, the Defendant's motion to dismiss Count 48 should be denied.

    Respectfully submitted,

    NICHOLAS J. GANJEI
    United States Attorney,
    Southern District of Texas

By: */s/ Michael E. Day*
    Michael E. Day
    Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of March, 2025, I electronically filed this document with the Clerk of Court using CM/ECF, and notice was sent via e-mail to counsel for the Defendants.

*/s/ Michael E. Day*
Michael E. Day
Assistant United States Attorney