THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | **CRIMINAL NO. 4:24-cr-371-53** |
| **VS.** | § | |
| | § | **JUDGE LEE H. ROSENTHAL** |
| **SHEBA MUHARIB** | § | |

**DEFENDANT'S REPLY TO THE UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT 48 FOR FAILURE TO STATE AN OFFENSE**

TO THE HONORABLE LEE H. ROSENTHAL:

The defendant, Sheba Muharib, files this Reply to the United States' Response to Defendant's Motion to Dismiss and would show the Court as follows:

The United States filed a Response where the government specifies that the indictment as pertains to Ms. Muharib tracks the statute and is therefore, legally sufficient. Unfortunately for the government, it is not legally sufficient. Count 48 of the indictment reads:

> Beginning in or about November 2021 and continuing until in or about August 2022, in the Houston Division of the Southern District of Texas, and elsewhere,
> **SHEBA MUHARIB (53)**
> defendant herein, knowing that Co-Defendant Oscar Wattell (2) had been convicted of any criminal felony involving dishonesty, engaged in the business of insurance, whose activities affect interstate commerce, and willfully permitted such activity.

The ambiguous wording in the last four lines leads the reader to believe that Co-Defendant Oscar Wattell willfully permitted such activity, when it should instead clearly relay to the reader that 'Ms. Muharib willfully permitted such activity.' "An indictment that tracks a statute's words is generally sufficient as long as those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the

1

offense intended to be punished." *United States v. Masha*, 990 F.3d 436, 443 (5th Cir. 2021) (citing *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)). In this case, the indictment is not sufficient as it does not only not track the statute but is convoluted and ambiguous.

Additionally, the government intends to prove that Count 48 is legally sufficient in stating an offense by including a chart with the language of Title 18, United States Code, Section 1033(e) and the indictment's corresponding allegations. Under *United States v. Suarez*, "an indictment must state each element of the charged crime and allege that the defendant's conduct met each of those elements." 966 F.3d 376, 382 (5th Cir. 2020). In the first row of the chart on page 3, the government states that Ms. Muharib was engaged in the business of insurance as she was an agent of Financial Casualty & Surety (FCS). However, the government has failed to show that co-defendant Oscar Wattell engaged in the business of insurance, a required element in the statute. Instead, in the last row of the indictment's allegation section of the United States' Response, the government states that "Oscar Wattell (felon) was employed by AABLE Bonds..." The conduct alleged against Mr. Wattell in the indictment was not in the insurance business, as his work was only within the scope of the bonding company. The fact that Ms. Muharib was an agent of FCS does not automatically signify that Mr. Wattell would have engaged in the insurance business.

Finally, the government has failed to specify Oscar Wattell's crime involving dishonesty. The indictment merely states that "Co-Defendant Oscar Wattell (2) had been convicted of any criminal felony involving dishonesty.

As such, the government has not met its burden under *United States v. Suarez*, where it specifies that "an indictment must state each element of the charged crime and allege that the

defendant's conduct met each of those elements." 966 F.3d 376, 382 (5th Cir. 2020).

As such, Sheba Muharib moves for Count 48 be dismissed.

Respectfully submitted,

By: */s/ Leira Moreno Gracia*
Southern District of Texas No. 1066057
Texas State Bar No. 24065791
4306 Yoakum, Ste. 240
Houston, Texas 77006
Tel: 346.340.4306

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing motion was delivered to all counsel of record via ECF on March 19, 2025.

*/s/ Leira Moreno Gracia*